IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD EUGENE PRANCE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | CASE NO. 2:14cv180-TFM<br>(WO) |

**OPINION**

**I. Introduction**

Plaintiff Gerald Eugene Prance ("Prance") applied for supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that he is unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). Based on the court's review of the record in this case and the parties' briefs, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

Prance was 55 years old at the time of the hearing and is a high school graduate.  R. 49-50.  Prance previously worked as a diesel/heavy equipment operator, a construction worker, and an iron and steel fabricator. R. 36, 57.  Prance alleges that he became disabled

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

on April 24, 2010, from myocardial necrosis, arthritis, high cholesterol, and right shoulder, hip, and ankle problems. R. 48, 54-55. After the hearing, the ALJ found that Prance suffers from coronary artery disease, status post myocardial infarction and elective percutaneous transluminal coronary angioplasty/stenting of the mid-left anterior descending artery, arthritis of the left hip, obesity, a mild impingement of the right shoulder, and a history of cocaine/crack and tobacco abuse. R. 25. The ALJ concluded that Prance is unable to return to his relevant work, but that he retains the residual functional capacity to perform a reduced level of medium work. R. 28. Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Prance could perform, including work as a packer/hand packager, kitchen helper/dishwasher, and production worker helper. R. 37. Accordingly, the ALJ concluded that Prance is not disabled. *Id*.

## IV. Discussion

Prance's sole contention is that "[t]he ALJ failed to properly evaluate the opinion of [his] treating physician." Pl's Br., p. 4. Specifically, Prance argues that the ALJ failed to develop the record regarding his arthritic hip condition and erred in discounting the opinion of Dr. James H. Armstrong, an orthopedic surgeon, regarding the severity of his condition and its effect on his ability to perform work.[4]

---

[4] The law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The record indicates that Prance was examined by Dr. Armstrong only once. Consequently, the orthopedic specialist cannot be considered his treating physician because the treatment relationship was not ongoing. *See Nyberg v. Comm'r of Soc. Sec.*, 179 Fed. Appx. 589, 591 n. 3 (11th Cir. 2006) (quoting 20 C.F.R. § 404.1527(d)(2)) ("A 'treating source' (i.e., a treating physician) is a

On February 3, 2012, Dr. Armstrong completed a clinic note, in which he found the following:

> This is a 54 year old gentleman who is a steel fabricator, mechanic, etc. For nine years he has had pain off and on in the right hip that is getting worse. He has limited motion in the hip. X-rays in the office today reveal severe arthritis right hip. The only thing that is going to help him is going to be a right total hip replacement. There is a good chance if he did that he could return to his productive life, do some vigorous jobs, etc with that.
>
> The other problem is the right shoulder. He has pain and crunching in the shoulder when he moves it. Full motion. We did not x-ray that.

R. 286. Dr. Armstrong's diagnostic impression was "mild impingement right shoulder." *Id*. He recommended: "(1) Walking cane left hand; (2) Ibuprofen up to 800 mg. three times a day on temporary basis; and (3) Right total hip replacement. I think without that he will truly be disabled with it." *Id*.

The ALJ discounted the opinion of Dr. Armstrong based on his failure to provide an x-ray or physical examination report to support his assessment of severe arthritis. R. 33. He also found that the orthopedic surgeon's opinion is inconsistent with a radiologist's report and x-ray from September 2011 indicating "mild osteoarthritis." R. 33. Without seeking the additional x-ray or notes from Dr. Armstrong indicating severe osteoarthritis, the ALJ concluded that Prance has the residual functional capacity to perform medium work with limitations.

---

claimant's 'own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you.'").

The Commissioner also failed to resolve inconsistencies between the September 2011 radiologist's report and the additional evidence provided to the Appeals Council. After the ALJ entered his decision, Prance provided additional medical records to the Appeals Council indicating that he went to Dr. Donald Slappey, Jr., an orthopaedic surgeon, with complaints of right knee and hip pain on July 9, 2013. R. 313. Dr. Slappey found:

> Right hip has limited range of motion. Right knee has limited extension. No swelling. No instability. Skin and neurovascular intact. Right ankle limited range of motion secondary to pain. Crepitus with range of motion. No gross instability. Skin and neurovascular status are good.
>
> X-rays of right hip AP lateral severe degenerative arthritis. Right knee AP lateral negative. Right ankle AP lateral and oblique show generative arthritis.

R. 313. Dr. Slappey's diagnostic assessment was localized primary osteoarthritis of the hip, localized osteoarthritis of the ankle/foot, and compression arthralgia of the knee, patella, tibia, and fibula. *Id*. The orthopedic surgeon also noted:

> Recommend a total hip arthroplasty. He is to think about it. He should go slow. Prescription for naproxen. Recheck p r n.
>
> At this point the right hip would prevent him from doing much as far as work. Prolonged standing, squatting, or bending will aggravate the hip.

*Id.*

Despite the opinions of two orthopedic surgeons indicating he suffers from severe degenerative arthritis and needs a hip a replacement, the Commissioner did not seek additional information or attempt to reconcile the specialists' findings with the radiologist's opinion that Prance suffers from mild osteoarthritis.

While a claimant has the burden of proving that he is disabled, an ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

An administrative law judge has a duty to develop a full and fair record. *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985). The Commissioner is not free to simply ignore medical evidence, nor may she pick and choose between the records selecting those portions which support his ultimate conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839-41 (11th Cir. 1992). When there is a conflict, inconsistency or ambiguity in the record, the Commissioner has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why she accepted or rejected one opinion or record over another. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial

evidence." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981).[5] "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

DONE this 1st day of May, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.